```
                DISTRICT COURT OF THE VIRGIN ISLANDS
                 DIVISION OF ST. THOMAS AND ST. JOHN

DITECH FINANCIAL, LLC, f/k/a       )
GREEN TREE SERVICING, LLC,         )
                                   )
           Plaintiff,              )
                                   )   Civil No. 2016-94
           v.                      )
                                   )
ROSEMARY V. FELICE, ALFRED R.      )
FELICE, LAURA A. FELICE, COWPET    )
BAY EST CONDOMINIUM ASSOCIATION,   )
INC.                               )
                                   )
           Defendants.             )
```

**APPEARANCES:**

**A.J. Stone, III**
**Adam Nicholas Marinelli**
Bolt Nagi PC
St. Thomas, U.S.V.I.
    *For Flagstar Bank, FSB,*

**Maria Tankenson Hodge**
Hodge & Hodge
St. Thomas, U.S.V.I.
    *For Cowpet Bay West Condominium Association, Inc.*

## **JUDGMENT**

**GÓMEZ, J.**

Before the Court is the motion of Ditech Financial, LLC, for default judgment against Rosemary V. Felice.

### I.    FACTUAL AND PROCEDURAL HISTORY

Having reviewed the record, the Court makes the following findings of fact:

1. Rosemary V. Felice and her now deceased husband, Alfred J. Felice, (collectively, the "Felices") were the record owners of condominium property described as

   The Unit known as Apartment No. 27 Windward Way (hereinafter called the "Unit"), in the buildings known as Cowpet Bay West at the property known as Parcel Nos. 8-1-2, 8-1-4, 8-1-5, 8-1-6 and 8-56-1 Estate Nazareth, No.1 Red Hook Quarter, St. Thomas, Virgin Islands, and described as such in the Declaration establishing a plan for condominium ownership of said buildings and said property (hereinafter collectively called the "Property"), made under the Condominium Act of the Virgin Islands of the United States (Chapter 33, Title 28, Virgin Islands Code), dated September 19, 1969 and recorded on September 22, 1969 in Book 11-B, p. 330, no. 367, and at Auxiliary 21, Page 45, and as amended by Declaration of Cowpet Bay West (formerly Cowpet Bay Village Stages I and II) dated December 1, 1973, recorded October 22, 1974, in Book 16- B, Page 77, Doc. No. 367, and at Auxiliary 21, Pages 1 and 45, in the Office of the Recorder of Deeds for St. Thomas and St. John, Virgin Islands (hereinafter called the "Declaration"), and as may be further amended from time to time.

   ECF No. 51, Exh. 1 at 1 (the "Property").

2. Rosemary Felice is a competent adult and is not on active duty for any branch of the United States Uniformed Services.

3. On or about February 17, 2009, the Felices borrowed $392,000 from Flagstar Bank, PSC, ("Flagstar").

4. On February 17, 2009, the Felices executed and delivered a promissory note (the "Note") to Flagstar in which they promised to pay Flagstar the principal sum of $392,000,

    plus interest at a rate of 4.875% per annum in monthly payments.

5. The Note provides that the Felices will be in default if a monthly payment is not paid on the date it is due. The Note further provides that if the Felices fail to pay the amount due after being sent a written notice of default the entire remaining principal sum and interest may become due and payable immediately.

6. On February 17, 2009, the Felices delivered to Mortgage Electronic Systems, Inc., ("MERS"), as nominee for Flagstar, a real estate mortgage (the "Mortgage") encumbering the Property. The Mortgage is attached to the Property. The Mortgage's terms give MERS the right to foreclose on the Property in the event of a default on the Note.

7. On February 18, 2009, the Mortgage was recorded at the Office of Recorder of Deeds for the District of St. Thomas and St. John as Document Number 2009001066.

8. On April 1, 2010, MERS and Flagstar assigned their interest in the Property to Everhome Mortgage Company ("Everhome").

9. On or about May 18, 2012, the Felices failed to pay a common charge to their condominium association, Cowpet Bay West Condominium Association, Inc., ("Cowpet").

10. On or about July 1, 2012, the Felices failed to pay a monthly installment on the Note when it became due.

11. On August 14, 2012, Cowpet recorded a Notice of Lien against the property for the unpaid common charges.

12. On August 14, 2012, Everhome gave the Felices written notice of the default on the Note and advised them that failure to cure the default would result in acceleration and foreclosure.

13. On September 4, 2014, Cowpet brought an action for debt and foreclosure against the Felices in the Virgin Islands Superior Court (the "Cowpet Action").

14. On July 8, 2016, Everhome assigned its interest in the Property to Ditech Financial, LLC, ("Ditech"). The assignment was recorded at the Office of Recorder of Deeds for the District of St. Thomas and St. John as Document Number 2016005176.

15. On October 21, 2016, the Superior Court entered judgement against the Felices in the Cowpet Action and foreclosed the Property.

16. On February 15, 2017, Cowpet purchased the Property at a public sale with a $10,000 credit bid. The Superior Court confirmed the sale on May 17, 2017.

17. The Felices have not cured their default and made the required payment of principal and interest as required by the Note and Mortgage. As a result, Ditech accelerated the payment on the Note.

18. Ditech initiated this action against the Felices to enforce the terms and conditions of the Note and Mortgage.

19. On November 22, 2016, Ditech served Rosemary Felice by leaving a summons and copy of the complaint with Jbith Bonilla, an adult that resided at Rosemary Felice's home.

20. On November 20, 2017, Ditech dismissed Alfred Felice and Laura Felice from this action pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i).

21. Rosemary Felice has not filed an answer to Ditech's complaint. On May 18, 2017, the Clerk of Court entered default against Rosemary Felice.

22. On April 5, 2018, Ditech and Cowpet filed a proposed consent judgment to resolve this matter as between those two parties.

23. Rosemary Felice is in default on the Note. As of September 1, 2017, Rosemary Felice is in debt to Ditech in the

      principal amount of $371,675.59; plus interest on the Note in the amount of $101,363.88; escrow advances of $24,764.19; late charges of $3,319.36; property inspection charges of $460; and force-placed insurance of $922.47. The total amount of the Rosemary Felice's indebtedness to Ditech is $502,505.49.

## II. DISCUSSION

Federal Rule of Civil Procedure 55(b)(2) allows courts to enter a default judgment against a properly served defendant who fails to file a timely responsive pleading. *Anchorage Assoc. v. V.I. Bd. Of Tax Rev.*, 922 F.2d 168, 177 n.9 (3d Cir. 1990). A motion for entry of default judgment must contain evidence of the following: (1) that default was entered; (2) that the defendant has not appeared; (3) that the defendant is not an infant or incompetent; (4) that all pleadings were validly served upon the defendant; (5) the amount of judgment and how it was calculated; and (6) an affidavit of non-military service. *See Bank of Nova Scotia v. Abdallah*, No. CV 20012-0033, 2014 WL 2976232, at *3 (D.V.I. July 1, 2014). In addition, the Court must consider three factors when determining whether to grant a default judgment: "(1) [the] prejudice to the plaintiff if default is denied, (2) whether the defendant appears to have a litigable defense, and (3) whether defendant's delay is due to

culpable conduct." *Chamberlain v. Giampapa*, 210 F.3d 154, 164 (3d Cir. 2000).

In the Virgin Islands all inferior or subsequent lienholders must be joined as defendants in a foreclosure action. *See* 28 V.I.C. § 532. The Court must adjudicate the liens of all defendants. *See* 28 V.I.C. § 533. Senior lienholders need not be joined as defendants. Their liens survive the foreclosure of junior liens. *See Nat'l Fin. Partners Corp. v. Cunning*, No. CIVIL 2008-37, 2012 WL 6705026, at *6 (D.V.I. Dec. 26, 2012); *Sapphire House Condo. Ass'n v. Harthy Bros.*, No. CIV. 412/75, 1979 WL 447881, at *4 (Terr. V.I. Dec. 12, 1979). Liens for unpaid common expenses owed to condominium associations have priority over "all other liens except . . . all sums unpaid on a first mortgage of record." 28 V.I.C. § 922. Accordingly, the Cowpet Action had no impact on Ditech's earlier recorded and superior lien.

To prevail on a debt and foreclosure claim, the plaintiff must show that: (1) the debtor executed a promissory note and mortgage; (2) the debtor is in default under the terms of the note and mortgage; and (3) the lender is authorized to foreclose on the property mortgaged as security for the note. *Thompson v. Florida Wood Treaters, Inc.*, 52 V.I. 986, 995 (D.V.I. 2009). The

facts found by the Court establish each of the elements for a debt and foreclosure claim.

The premises considered, it is hereby

**ORDERED** that Ditech's motion for default judgment docketed at ECF Number 50 is **GRANTED**; it is further

**ORDERED** that the motion to approve consent judgment docketed at ECF Number 58 is **GRANTED**; it is further

**ORDERED** that the consent judgment docketed at ECF Number 58-1 is **APPROVED**; it is further

**ORDERED** that Ditech shall recover from Rosemary Felice the principal amount of $371,675.59; plus interest on the Note in the amount of $101,363.88; escrow advances of $24,764.19; late charges of $3,319.36; property inspection charges of $460; and force-placed insurance of $922.47. Interest continued to accrue on the principal at rate of $49.64 per day after January 5, 2018, until the date of judgment; it is further

**ORDERED** that the Mortgage is a first priority lien; it is further

**ORDERED** that the Mortgage, and any liens subsequent to it are hereby foreclosed; it is further

**ORDERED** that the Property shall be sold by the United States Marshal according to law and the proceeds of such sale shall be applied first to the expenses associated with any sale,

including but not limited to the costs of publication and the commission assessed by the United States Marshal's Service pursuant to Title 28, Section 1921 of the United States Code, and then toward satisfaction of this Judgment in favor of Ditech, including any costs and attorney's fees that may be awarded upon application and any sums that may be paid by Ditech for insurance premiums, taxes, and expenditures necessary to maintain the Property pending sale with interest from the date of any such payment. Pursuant to Title 5, Section 489(5) of the Virgin Islands Code, the surplus, if any, remaining after application of the proceeds as provided above, shall be returned to the debtor; it is further

**ORDERED** that

1. Pursuant to Title 5, Section 484 of the Virgin Islands Code, notice of the Marshal's sale shall be posted for four (4) weeks prior to the sale in a public place in or near the Office of the Clerk of the Court; and published once a week for at least four (4) consecutive weeks prior to the sale in a newspaper regularly issued and of general circulation in the U.S. Virgin Islands, which uses newsprint. The notice shall describe the Property as set out above and shall contain the terms and conditions of sale as set out herein.

    2. The terms and conditions of the sale shall be as follows:

        a. The Property shall be sold as a whole at a public sale at the Office of the U.S. Marshal, Federal Building, St. Thomas, U.S. Virgin Islands.

        b. Ditech may bid a credit against its Judgment and interest thereon, plus any costs and expenses, without tender of cash.

        c. The terms of the sale as to all other persons or parties bidding shall be cash.

        d. The successful bidder on the Property shall be required to deposit with the United States Marshal cash equal to ten percent of his total bid at or before 5:00 p.m. on the date of the sale of the Property; and the remaining ninety percent of the said purchase price to be paid on or before 5:00 p.m. within thirty days inclusive, of the date of sale of the Property.

        e. The United States Marshal shall make his report of the sale of the Property within ten days from the date of the sale.

    3. Ditech shall have any and all writs necessary to execute the terms of this Judgment.

4. Rosemary Felice shall be liable to Ditech for any deficiency remaining after the sale of the Property; it is further

**ORDERED** that the trial setting in this matter is **VACATED**; it is further

**ORDERED** that all pending motions are **MOOT;** and it is further

**ORDERED** that the Clerk of Court shall **CLOSE** this case.

S\_____
**Curtis V. Gómez**
**District Judge**