DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

DITECH FINANCIAL, LLC f/k/a GREEN )
TREE SERVICING, LLC,             )
                                 )
        Plaintiff,               )
                                 )   Civil No. 16-94
        v.                       )
                                 )
ROSEMARY V. FELICE, ALFRED R. FELICE  )
AND LAURA A. FELICE, and COWPET BAY   )
WEST CONDOMINIUM ASSOCIATION, INC.    )
                                 )
        Defendants.              )
                                 )

**ATTORNEYS:**

**A.J. Stone , III**
**Adam Nicholas Marinelli**
Bolt Nagi PC
St. Thomas, VI
   *For the plaintiff Ditech Financial, LLC f/k/a Green Tree Servicing, LLC,*

**Maria Tankenson Hodge**
Hodge & Hodge
St. Thomas, VI
   *For the defendant Cowpet Bay West Condominium Association, Inc.,*

**Rosemary V. Felice**
**Alfred R. Felice**
**Laura A. Felice**
   *Pro se defendants.*

## ORDER

**GÓMEZ, J.**

Before the Court is the motion of the plaintiff, Ditech Financial, LLC f/k/a Green Tree Servicing, LLC, for an order confirming sale.

Having reviewed the record, the Court makes the following findings:

On November 11, 2016, Ditech Financial, LLC f/k/a Green Tree Servicing, LLC, ("Ditech Financial") initiated this action for debt and foreclosure against Rosemary Felice, Alfred Felice, Laura Felice, and Cowpet Bay West Condominium Association, Inc. ("Cowpet Bay"). Ditech Financial sought a judgment of debt against Rosemary Felice and judgments of foreclosure against all of the defendants.

Rosemary Felice, Alfred Felice, and Laura Felice did not answer or appear upon service. The Clerk of Court entered default against those defendants. Ditech Financial later dismissed Alfred Felice and Laura Felice from this action pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i).

Cowpet Bay appeared. Ditech Financial and Cowpet Bay executed a consent judgment. Pursuant to that proposed consent judgment, Ditech Financial and Cowpet Bay agreed to judgment in favor of Ditech Financial.

On January 12, 2018, Ditech Financial moved for default judgment against Rosemary Felice. On April 12, 2018, the Court entered default judgment against Rosemary Felice. The Court ordered Rosemary Felice to pay to Ditech Financial the sum of $502,505.49 plus interest at a rate of $49.64 per day after January 5, 2018, until the date of judgment. Finding Ditech

Financial's mortgage to be a first priority lien, the Court also ordered foreclosure of property equitably titled to Cowpet Bay[1] and described as:

> The Unit known as Apartment No. 27 Windward Way (hereinafter called the "Unit"), in the buildings known as Cowpet Bay West at the property known as Parcel Nos. 8-1-2, 8-1-4, 8-1-5, 8-1-6 and 8-56-1 Estate Nazareth, No.1 Red Hook Quarter, St. Thomas, Virgin Islands, and described as such in the Declaration establishing a plan for condominium ownership of said buildings and said property (hereinafter collectively called the "Property"), made under the Condominium Act of the Virgin Islands of the United States (Chapter 33, Title 28, Virgin Islands Code), dated September 19, 1969 and recorded on September 22, 1969 in Book 11-B, p. 330, no. 367, and at Auxiliary 21, Page 45, and as amended by Declaration of Cowpet Bay West (formerly Cowpet Bay Village Stages I and II) dated December 1, 1973, recorded October 22, 1974, in Book 16-B, Page 77, Doc. No. 367, and at Auxiliary 21, Pages 1 and 45, in the Office of the Recorder of Deeds for St. Thomas and St. John, Virgin Islands (hereinafter called the "Declaration"), and as may be further amended from time to time.

ECF No. 51, Ex. 1 at 1 (the "Property"). When the Court granted default judgment against Rosemary Felice, the Court also

---

[1] Equitable title to the Property was held by Cowpet Bay by means of a Judgment of Foreclosure entered on October 21, 2016, in the Superior Court of the Virgin Islands against Rosemary Felice in an action captioned *Cowpet Bay West Condominium Association, Inc. v. Felice, et al.*, No. ST-14-CV-416. Ditech Financial was not a party to that action, nor required to be a party as a senior lienholder. *See* 28 V.I.C. § 532. Cowpet Bay was determined to be the highest bidder at a Marshal's sale held on February 15, 2017. The sale was confirmed by Order of the Superior Court of the Virgin Islands on May 18, 2017. Cowpet Bay has not sought, and does not seek, record title to the Property. Rosemary Felice's title to the Property was terminated by Cowpet Bay's Judgement in the Superior Court of the Virgin Islands. Rosemary Felice's statutory redemption rights terminated on November 18, 2017.

approved the consent judgment between Ditech Financial and Cowpet Bay.

Thereafter, on June 12, 2018, the Court issued a writ of execution for the debt against Rosemary Felice in the amount of $507,320.57, plus interest at the statutory rate from the date of entry of the Default Judgment until the judgment is satisfied.

Pursuant to the default judgment, on November 1, 2018, the United States Marshal sold the property described therein at a public auction. At the public auction, Ditech Financial entered the highest bid for the Property as a credit against its debt judgment. The high bid was $472,500.

Ditech Financial now moves for an order confirming the sale of the Property.

The premises considered, it is hereby

**ORDERED** that Ditech Financial's motion for an order confirming sale, ECF No. 83, is **GRANTED**; it is further

**ORDERED** that the sale of the Property as described herein, to Ditech Financial, is **APPROVED** and **CONFIRMED**; it is further

**ORDERED** that, under the terms of the Consent Judgment, ECF No. 58-1, Cowpet Bay, as equitable titleholder to the Property, waived all statutory redemption rights in accordance with 28 V.I.C. § 535; it is further

**ORDERED** that Ditech Financial, or at the request of Ditech Financial made to the United States Marshal, Ditech Financial's assignee, shall be entitled to a Deed with respect to the Property, unless it is redeemed pursuant to Title 28, Section 535 of the Virgin Islands Code; and it is further

**ORDERED** that, pursuant to Title 28, Section 535 of the Virgin Islands Code, that Ditech Financial, from the day of sale until a resale or a redemption, shall be entitled to the possession of the property purchased, unless the same be in possession of a tenant holding under an unexpired lease, and in such case shall be entitled to receive from such tenant the rents or the value of the use and occupation thereof during the same period.

                                           S\_____
                                              **CURTIS V. GÓMEZ**
                                              **District Judge**