DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

| | |
|---|---|
| DITECH FINANCIAL, LLC f/k/a GREEN TREE SERVICING, LLC, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) Civil No. 16-94<br>)<br>) |
| ROSEMARY V. FELICE, ALFRED R. FELICE AND LAURA A. FELICE, and COWPET BAY WEST CONDOMINIUM ASSOCIATION, INC. | )<br>)<br>)<br>) |
| Defendants. | )<br>) |

**ATTORNEYS:**

**A.J. Stone , III**
**Adam Nicholas Marinelli**
Bolt Nagi PC
St. Thomas, VI
    *For the plaintiff Ditech Financial, LLC f/k/a Green Tree Servicing, LLC,*

**Maria Tankenson Hodge**
Hodge & Hodge
St. Thomas, VI
    *For the defendant Cowpet Bay West Condominium Association, Inc.,*

**Rosemary V. Felice**
**Alfred R. Felice**
**Laura A. Felice**
    *Pro se defendants.*

### ORDER

**GÓMEZ, J.**

Before the Court is the motion of Ditech Financial, LLC f/k/a Green Tree Servicing, LLC ("Ditech Financial") that seeks

attorneys' fees and costs (the "fee petition") from Rosemary Felice ("Felice").

Ditech Financial's fee petition seeks an award of attorneys' fees in the amount of $38,950 and compensable costs in the amount of $1,374.85.

The Court referred Ditech Financial's fee petition to the Magistrate Judge for a Report and Recommendation. On August 6, 2019, the Magistrate issued her Report and Recommendation. The Magistrate determined that the requested attorneys' fees should be reduced by $28,950 to exclude excessive charges. In addition, the Magistrate determined that the requested costs should be reduced by $198.85 to exclude costs not allowable under 5 V.I.C. § 541(a).

Litigants may make "specific written objections" to a magistrate judge's report and recommendation "[w]ithin 14 days after being served with a copy of the recommended disposition." *See* Fed. R. Civ. P. 72(b)(2); *see also* 28 U.S.C. § 636(b)(1) ("Within fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court.").

The parties filed no objections to the Magistrate's Report and Recommendation.

When no objection to a magistrate's report and recommendation is made the district court reviews the report and recommendation for plain error. *See Henderson v. Carlson*, 812 F.2d 874, 878 (3d Cir. 1987) ("While . . . [28 U.S.C. § 636(b)(1)] may not require, in the absence of objections, the district court to review the magistrate's report before accepting it, we believe that the better practice is for the district judge to afford some level of review to dispositive legal issues raised by the report."); *see also Tice v. Wilson*, 425 F. Supp. 2d 676, 680 (W.D. Pa. 2006) *aff'd*, 276 Fed. App'x 125 (3d Cir. 2008)(explaining that, by failing to object to a portion of a report and recommendation, the litigant "waived its right to have this Court conduct a *de novo* review," and that in those circumstances, "the scope of [the court's] review is far more limited and is conducted under the far more deferential standard of 'plain error'").

Having reviewed the record and the Report and Recommendation for plain error, the Court finds that the Magistrate addressed the dispositive legal issues in a manner

consistent with applicable law. The Court finds no error, let alone plain error in the Report and Recommendation.

The premises considered, it is hereby

**ORDERED** that the Report and Recommendation, ECF Number 87, is **ADOPTED**; it is further

**ORDERED** that the motion for attorney's fees and costs, ECF Number 79, is **GRANTED** in part and **DENIED** in part; it is further

**ORDERED** that Felice shall be liable to Ditech Financial for attorney's fees in the amount of $10,000; and it is further

**ORDERED** that Felice shall be liable to Ditech Financial for costs in the amount of $1,176 in costs.

S\_____
    **Curtis V. Gómez**
    **District Judge**